FREDERICK BAUMLER *vs.* NARRAGANSETT BREWING COMPANY.

PROVIDENCE—FEBRUARY 21, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence. Master and Servant. Assumed Risks.*

In an action for negligence against a master by a servant the declaration alleged that the servant was directed to clean out an open space of about thirteen inches, underneath certain vats in a brewery; that it was necessary to assume a cramped position and to worm in to the space; that the space was irregular, and there were blocks or supports which made it difficult for him to get in or move around; that he felt and knew as he worked that it was exceedingly difficult to move his body along the different projecting blocks; that he was unable to realize his danger because his attention was taken up with his difficult work; that he became wedged and bound, owing to his size and weight and the binding of his clothes against the supports, and was injured :—

*Held,* that the facts alleged were necessarily known to the servant as he entered, and hence were risks assumed as incident to the work.

*Held,* further, that the facts stated showed no emergency connected with the work which would bring the case within the exception to the above rule.

TRESPASS ON THE CASE for negligence. Heard on demur-

rer to amended declaration.   Demurrer sustained.   See same case, 23 R. I. 430.

PER CURIAM.   We fail to see any material difference in principle, between the allegations in the amended declaration and those which were contained in the original declaration. If it was necessary for the plaintiff "to assume a cramped position and to worm in" to the space underneath the vats, as now alleged, this fact must necessarily have been known to him as he entered.   If the space was irregular, and there were blocks or supports which made it difficult for him to get in, or to move around after getting in, his senses must have given him due warning thereof; and hence he cannot complain that he had no means of knowledge of the smallness and irregularity of the space.

He alleges that "he felt and knew as he worked that it was exceedingly difficult to move his body along the different projecting blocks."   Feeling and knowing the difficulty in which he was thus placed, however, he continued in his work until he finally became unable to extricate himself without injury.

In view of these facts, we fail to see that it can be reasonably said that he did not fully and intelligently assume the risk incident to the work.

As to the allegation that the plaintiff was unable to realize the danger because "his attention was taken up with his difficult work," it is enough to say that the work of scrubbing a floor can hardly be considered so absorbing as to prevent the person engaged therein from taking notice of his surroundings, and from properly looking out for his own safety.   In short, it cannot be claimed that there was any emergency connected with the doing of said work.   And hence the case clearly does not come within the exception upon which plaintiff's counsel relies.

The demurrer is sustained, and case remitted to the Common Pleas Division, with direction to enter judgment for the defendant for its costs.

*John Doran and T. H. Holton,* for plaintiff.

*W. B. Vincent,* for defendant.